FILED
2005 Mar-31 AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

THOMAS G. DORRITY, JR.,

    PLAINTIFF,

v.                                                                          CASE NO. CV-04-J-1283-NE

STAPLES THE OFFICE SUPERSTORE
EAST, INC.,

    DEFENDANT.

**MEMORANDUM OPINION**

Pending before the court is defendant's motion for summary judgment (doc. 16), defendant's memorandum and evidence in support of its motion (docs. 17 and 18), plaintiff's response and opposition to defendant's motion for summary judgment (docs. 23 and 24), plaintiff's submission of evidence in opposition to defendant's motion (doc. 25), and the defendant's reply (doc. 27). The defendant having requested oral argument (doc. 28), and the court being of the opinion such argument would not be of assistance, said request is **DENIED**.

Having considered the pleadings, memoranda and evidentiary submissions of the parties, the court finds as follows:

I. **FACTUAL BACKGROUND**

Plaintiff commenced this action by filing a complaint (doc. 1) alleging that the defendant discriminated against him on the basis of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the

Alabama Age Discrimination in Employment Act ("AADEA"), by terminating him. Upon consideration of the pleadings and evidentiary submissions, the court concludes that the motion for summary judgment is due to be granted.

The plaintiff was hired by the defendant as a part-time sales associate in its office supply/furniture department in July, 2000. Complaint, ¶ 9; plaintiff depo. at 79, 85, 88; Cothren depo. at 16. At the time, the plaintiff was 55 years old. Plaintiff depo. at 23. In 2003, the plaintiff began working in the copy center. Plaintiff depo. at 89; Cothren depo. at 19. He was moved to the copy center because defendant did not have enough employees in that department to handle the volume of business as needed. Plaintiff depo. at 89. The plaintiff admits that being rude to defendant's customers is grounds for termination. Plaintiff depo. at 83, 99-102; defendant exhibit 8 to plaintiff depo. Defendant asserts the plaintiff was terminated for being rude to four customers on four occasions within three weeks of each other. One complaint was made by a customer on March 27, 2003, and three more complaints were made by customers on April 15, 2003. Plaintiff depo. at 105-112, 115-121, 126-127, 151-152, 156-157. *See also* defendant exhibit 9 to plaintiff depo.; Cothren depo. at 63, 67-73. In reference to the fact that the complaints came from women, the plaintiff stated to the manager that if the customers had been white males, there would not have been a problem. Plaintiff depo. at 127-128, 138-139; Cothren depo. at 87.

After a two hour counseling session with the plaintiff on April 16, 2003, Jerry ("Jed") Cothren, the store manager, concluded that the plaintiff would not change his attitude toward customer service. Cothren depo. at 6, 77-78, 86; plaintiff depo. at 90, 160; defendant exhibits 14-18 to plaintiff depo. In fact, the plaintiff told Cothren that he had not behaved any differently than he had on prior occasions. Plaintiff depo. at 138, 160. He did not apologize or feel he had done anything wrong. *Id*. at 138; Cothren depo. at 78-79. Therefore, the plaintiff was terminated. Complaint, ¶ 6; plaintiff depo. at 149, 159-160; Cothren depo. at 77. At the time of his termination, the plaintiff was 58 years old. Plaintiff's depo. at 23. The plaintiff state that he was told that whether he was actually rude to the customers in question was not the issue, but rather it was the perception by them that he was rude. Plaintiff depo. at 135-136; Cothren depo. at 79. *See also* plaintiff depo. at 160 ("...they asked me if I regretted my behavior and I didn't feel I had done anything to regret. I regret how it was perceived. I wish that they hadn't complained but I had no control over that"). Cothren stated that, in nineteen years of management, he had never had any employee that treated customers in such a poor manner, "one right after another." Cothren depo. at 81.

The plaintiff asserts that he was really terminated due to his age. Prior to his termination, the plaintiff never complained of age discrimination. Plaintiff depo. at 85, 165. As evidence of such action, the plaintiff alleges that other employees older

than 50 years were terminated when he was,[1] that he was replaced by an employee less than 30 years old,[2] he had to move furniture by himself whereas younger employees were given assistance,[3] a previous manager, Greg Scott, told him to work more quickly,[4] and that he was not told about promotional opportunities.[5] Complaint, ¶¶ 10-11; plaintiff depo. at 168-170, 173-174, 177-178, 180, 184-185, defendant exhibit 21 to plaintiff depo.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp.*

---

[1] The plaintiff does not know if each of these other employees was terminated or not. Plaintiff depo. at 180. He admits one of these individuals, Dave Dunlap, is again working at defendant store and that another, Jim Hodges, was actually on medical leave when the plaintiff was moved to the copy center. *Id*. at 181-182; Cothren depo. at 19. Dunlap was off work because his other, full-time job, became too demanding for him to work part-time for defendant as well. Cothren depo. at 94. Jim Hodges returned to work before the plaintiff was fired and the plaintiff later learned he was no longer employed, but he does not know why. Plaintiff depo. at 182-183. He is no longer employed because he retired. Cothren depo. at 93. Defendant admits the other individual, Marsha West, was terminated, however she was suspected of fraud. *Id.* at 92.

[2] The store manager testified that no one was hired to replace the plaintiff. Instead, he "moved people around to fill the positions, to fill the hours" until Jim Hodges returned to work. Cothren depo. at 89, 90.

[3] The plaintiff states he was able to move the items in question by himself and that when he helped a younger employee with the same task, it was because the plaintiff volunteered to help him. Plaintiff depo. at 174-176.

[4] This store manager was terminated by the district manager long before the plaintiff's termination. Plaintiff depo. at 170, 178; Cothren depo. at 7-8.

[5] The plaintiff admits he never inquired about promotions or job advancement. Plaintiff depo. at 184-185.

*v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The

non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

### III. LEGAL ANALYSIS

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir.2000). With these standards in mind, the court considers each of the plaintiff's claims.

The ADEA makes it unlawful for an employer to fail or refuse to hire, to discharge, or to otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age. 29 U.S.C. § 623(a)(1); *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir.2000). Liability depends on whether the plaintiff's age actually motivated the employer's decision. His age must have actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141, 120 S.Ct. 2097, 2105, 147 L.Ed.2d 105 (2000) (citations omitted). To evaluate ADEA claims based on circumstantial evidence, this court must use the framework established in

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  *Reeves*, 530 U.S. at 141, 120 S.Ct. at 2105.

In *Turlington v. Atlanta Gas Light Company*, 135 F.3d 1428 (11th Cir.1998), the Court specifically addressed the standard to apply when a plaintiff attempts to use circumstantial evidence to establish unlawful discrimination under the ADEA.  The Court stated that a burden shifting scheme is employed as follows: "[T]he plaintiff must establish a *prima facie* case of discrimination. The employer then must respond with a legitimate, nondiscriminatory reason for its actions.  In order to prevail, the plaintiff must establish that the employer's articulated legitimate reason was a pretext to mask unlawful discrimination."[6] *Id.,* at 1432, citing *Walker v. NationsBank of Fla., N.A.*, 53 F.3d 1548, 1556 (11th Cir.1995).

The plaintiff must establish that he belonged to the protected class, he was subjected to an adverse employment action, he was qualified for his job and was replaced or otherwise lost his job to a younger individual.  *Chapman,* 229 F.3d at 1024; *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1329-30 (11th Cir.1998).

---

[6]Plaintiff's claim under the AADEA is analyzed the same as his claim under the ADEA. *Israel v. Sonc-Montgomery FLM, Inc.*, 231 F.Supp.2d 1156, 1167 (M.D.Ala.2002). *See also Bonham v. Regions Mortg., Inc.*, 129 F.Supp.2d 1315, 1321 (M.D.Ala.,2001) ("because it is self-evident that the AADEA's purpose and prohibition are like the ADEA's, to promote employment of older persons based on their ability rather than age and to prohibit arbitrary age discrimination in employment, it follows that these principles should govern in AADEA cases as well").

Assuming plaintiff meets this burden, the defendant must articulate a legitimate, non-discriminatory reason for its employment decision. *Steger v. General Electric Co.*, 318 F.3d 1066, 1075 (11th Cir. 2003). An employer cannot prevail where the "legitimate reason did not sufficiently motivate the employer at the time of the decision." *Id.*, citing *Speedy v. Rexnord Corp.*, 243 F.3d 397, 402 (11th Cir.2001). Under Eleventh Circuit law, the plaintiff must prove only that his age "made a difference" in the defendant's decision to terminate him. *Farley v. Nationwide Mutual Ins. Co.*, 197 F.3d 1322, 1335 (11th Cir.1999).

The defendant states that for purposes of its motion for summary judgment, it does not contest that the plaintiff can establish a prima facie case. Defendant's memorandum of law, at 10. Therefore, the defendant must demonstrate a legitimate, non-discriminatory reason for the plaintiff's termination. Defendant alleges that, as set forth above, the plaintiff was rude to customers, such rudeness is not tolerated, and therefore the plaintiff was fired. The plaintiff admits that the defendant required customers to be "put above all else because without them we have nothing." Plaintiff depo. at 82. He further admits that a pattern of deficient customer service was grounds for termination. *Id.* at 83.

Because the defendant had legitimate, nondiscriminatory reasons for its actions, the presumption of discrimination drops from the case. *Texas Dept. of Community*

*Affairs v. Burdine*, 450 U.S. 248, 255, 101 S.Ct. 1089, 1094 and n. 10 (1981). The plaintiff must now demonstrate by a preponderance of the evidence that the reason offered by the defendant is not the true reason for the employment decision, but rather a mere pretext for discrimination. *McDonnell Douglas Corp.,* 411 U.S. at 804, 93 S.Ct. at 1825. The focus of the case after the defendant meets its burden of production is on the defendant's subjective intent and the motivation behind the defendant's adverse employment action directed at plaintiff. *Harris v. Shelby County Board of Education,* 99 F.3d 1078, 1083 (11th Cir. 1996). In order to prevail, the plaintiff must establish that the employer's articulated legitimate reason was a pretext to mask unlawful discrimination. *Turlington*, 135 F.3d at 1432, citing *Walker,* 53 F.3d at 1556. The plaintiff must proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant's articulated reasons is pretextual, otherwise the defendant is entitled to summary judgment. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1530 (11th Cir.1997). *See also Harris,* 99 F.3d at 1083.

The plaintiff disputes the legitimacy of the complaints, that they occurred as alleged, and that they were the "true basis" for the plaintiff's termination. Plaintiff's memorandum at 8. The plaintiff alleges he was not given copies of any of the Performance Counseling Records prepared by defendant until June, 30, 2003, during

9

his unemployment compensation hearing. Plaintiff's memorandum at 8-9. He alleges that the complaints were fabricated to terminate him due to his age:

> In addition to the clearly bogus proffered reason for termination, it is undisputed that plaintiff was subjected to constant remarks regarding the speed of his work and ability to lift certain amounts, such comments being made by supervisors and even included in his performance review.

Plaintiff's memorandum at 13. However, the plaintiff may not prevail on a motion for summary judgment by merely disputing the defendant's proffered reason. Rather, the plaintiff must show that the defendant's proffered reason is unworthy of credence. *See e.g., Cooper v. Southern Co.,* 390 F.3d 695, 725 (11th Cir.2004). *See also Taylor v. Runyon,* 175 F.3d 861, 867 (11th Cir.1999).

The Court in *Walker, supra,* explained the plaintiff's burden in rebutting the defendant's proffered reason as follows:

> [Merely showing that] a false factual predicate underl[ies] the employer's proffered reason does not unequivocally prove that the employer did not rely on the reason in making the employment decision. Instead, it may merely indicate that the employer, acting in good faith, made the disputed employment decision on the basis of erroneous information. *Elrod v. Sears, Roebuck and Co.,* 939 F.2d 1466, 1470 (11th Cir.1991) .... Thus, establishing pretext is not merely demonstrating that the employer made a mistake, but that the employer did not give an honest account of its behavior. *Elrod,* 939 F.2d at 1470.

*Walker,* 53 F.3d at 1564. The Eleventh Circuit later stated:

> If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it.

> *See Chapman,* 229 F.3d at 1030. Quarreling with that reason is not sufficient. *See id.* The evidence of pretext may include, however, the same evidence offered initially to establish the prima facie case. *See Combs,* 106 F.3d at 1528.

*Wilson v. B/E Aerospace, Inc*. 376 F.3d 1079, 1088 (11th Cir. 2004). A plaintiff may not simply litigate whether he or she is, in fact, a good employee. *See e.g., Rojas v. Florida* 285 F.3d 1339, 1342 (11th Cir.2002) ("The factual issue to be resolved is not the wisdom or accuracy of Florida's conclusion that Rojas was an unsatisfactory employee. We are not interested in whether the conclusion is a correct one, but whether it is an honest one").

The plaintiff argues that "defendant's pattern of this one Staples store creating and falsifying documents relative to this employee's performance and disciplinary action is sufficient to show that any proffered reason for termination cannot be accepted as truthful." Plaintiff's memorandum at 14. The court disagrees. The evidence of altered documents offered by plaintiff involved a questionable signature on a 2002 performance appraisal, completed by a different manager who is no longer employed by defendant. *See* plaintiff depo. at 148; Cothren depo. at 35-36. The plaintiff offered no evidence that the 2002 performance appraisal was in any way related to his termination. Similarly, the plaintiff relies on comments made by a manager who was terminated in 2002 as evidence of age discrimination, however, the

plaintiff offers no evidence that Cothren also made such comments or even knew that the comments were made. *See* plaintiff depo. at 168, 177-178. Plaintiff admits he never complained to anyone about the comments. Plaintiff depo. at 169. Therefore, the court concludes that the plaintiff has presented no evidence to the court that the stated reasons for his termination were pretextual.[7]

The defendant presented evidence that the plaintiff was rude and unapologetic for his rudeness. It further presented evidence that such treatment of customers is grounds for termination. The plaintiff may not establish that an employer's proffered reasons are pretextual merely by questioning the wisdom of the employer's reasons, at least not where the reasons are the kind that might motivate a reasonable employer. *Lee v. GTE Florida*, 226 F.3d 1249, 1253 (11th Cir. 2000). Although the plaintiff disputes whether he was discourteous to customers, this is not a proper dispute for the

---

[7] The plaintiff also states that the performance counseling records are "fraudulent" because they are dated "3/15/03" rather than April 15, 2003. *See* plaintiff's opposition at 9-11, plaintiff depo. at 149. Viewed in the light most favorable to the plaintiff, this merely shows that the plaintiff's problems with customer relations were actually more wide-spread than alleged by the defendant. Thus, the court accepting that the records are indeed from March 15, 2003 and not misdated does not help the plaintiff. However, the plaintiff admits that the incidents in question occurred on April 15, 2003. Plaintiff depo. at 156. Cothren stated he dated them incorrectly and that the proper date was April 15, 2003. Cothren depo. at 69-71. Additionally, the fact that the plaintiff did not sign or refuse to sign each record, but rather did not see the records until his unemployment hearing in June, 2003, does not demonstrate that the defendant's belief that the plaintiff was rude to customers was pretextual. *See* plaintiff depo. at 155-156, 158-159. In fact, Cothren admits that plaintiff was not given the records in question until the unemployment hearing. Cothren depo. at 74, 86, 110. He explained that "written notification" on the records meant that the counseling session was written down. Cothren depo. at 74-75.

court to consider.[8]  The plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where the reason is one that might motivate a reasonable employer.  *Lee*, 226 F.3d at 1253.  Even if the defendant was incorrect in its belief that the plaintiff was rude, as long as that belief was reasonable, this court cannot second-guess the employer. *Davis v. Town of Lake Park, Florida*, 245 F.3d 1232, 1244 (11th Cir.2001).  *See also Combs*, 106 F.3d at 1543 ("federal courts do not sit to second-guess the business judgment of employers").  The role of the court is not to determine whether employment decisions were prudent or fair, but rather whether unlawful discriminatory animus motivated the challenged employment decision.  *Rojas,* 285 F.3d at 1342 (quoting *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir.1999)).

Additionally, the plaintiff was 53  years old when he was hired by defendant and 58 years old when he was terminated. Therefore, the plaintiff was already within the protected age group when he was hired, which tends to refute his claim that he was fired due to his age.  *See e.g.*, *Reynolds v. International Business Machines Corp.*, 320 F.Supp.2d 1290, 1307 (M.D.Fla.2004), citing *Hennessey v. Good Earth Tools, Inc.,*

---

[8] For example, the plaintiff asserts that concerning one instance, he was joking with the customer in question.  Plaintiff depo. at 157-158.

126 F.3d 1107, 1109 (8th Cir. 1997) (Employer's hiring of employee at 55, "when he was well within the age group protected by the ADEA, suggests that [the employer] was not influenced by ageism in firing him four years later").

## IV. CONCLUSION

Having considered the foregoing, and being of the opinion that the defendant's motion for summary judgment is due to be granted, the court shall grant said motion by separate Order.

**DONE** and **ORDERED** this the 31st day of <u>March,</u> 2005.

                                            INGE PRYTZ JOHNSON
                                            U.S. DISTRICT JUDGE